# EXHIBIT 2

**SUM-100**

# SUMMONS
## (CITATION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

PEOPLECONNECT INC. d/b/a Intelius, ABNI HELLER, and DOES 1-10,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

SANDRA WARNOCK, individually and on behalf of all others similarly situated,

**ELECTRONICALLY FILED**

5/11/2020 11:53 AM

SAN LUIS OBISPO SUPERIOR COURT
BY Carol L. McGuirK, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case. *¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of San Luis Obispo

1035 Palm Street, Room 385
San Luis Obispo, CA 93408

CASE NUMBER:
*(Número del Caso):*
19CV-0539

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd M. Friedman, Adrian R. Bacon, 21550 Oxnard St. Suite 780, Woodland Hills CA 91367; 323-306-4234

| DATE: 5/11/2020 11:53 AM (Fecha) | /s/Michael Powell Clerk, by (Secretario) | C. Inda McGuirK | Deputy (Adjunto) |
|---|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☒ on behalf of *(specify)*: PeopleConnect, Inc. d/b/a Intelius

under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)

☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
American LegalNet, Inc.

**ELECTRONICALLY FILED**

1  Todd M. Friedman (SBN 216752)
   Adrian R. Bacon (SBN 280332)
2  LAW OFFICES OF TODD M. FRIEDMAN, P.C.
   21550 Oxnard St. Suite 780,
3  Woodland Hills, CA 91367
   Phone: 323-306-4234
4  Fax: 866-633-0228
5  tfriedman@toddflaw.com
   abacon@toddflaw.com
6

7  *Attorneys for Plaintiff*

**4/30/2020 2:26 PM**

SAN LUIS OBISPO SUPERIOR COURT
BY
M. Zepeda, Deputy Clerk

8                    **SUPERIOR COURT OF CALIFORNIA**
9                     **COUNTY OF SAN LUIS OBISPO**

10  SANDRA WARNOCK, individually and on ) Case No. 19CV-0539
    behalf of all others similarly situated,    )
11                                              ) **CLASS ACTION**
    Plaintiff,                                  )
12                                              ) **FIRST AMENDED COMPLAINT FOR**
13          vs.                                 ) **VIOLATIONS OF:**
                                                )
14  PEOPLECONNECT INC. d/b/a Intelius;          )    1.   VIOLATIONS OF CALIFORNIA
    ABNI HELLER, and DOES 1-10,                 )         BUSINESS AND PROFESSIONS
15                                              )         CODE § 17200, ET. SEQ
16  Defendant(s).                               )    2.   VIOLATIONS OF CALIFORNIA
                                                )         BUSINESS AND PROFESSIONS
17                                              )         CODE § 17500, ET. SEQ
                                                )    3.   VIOLATIONS OF THE
18                                              )         CONSUMER LEGAL
                                                )         REMEDIES ACT, CAL. CIV. C.
19                                              )         § 1750, ET. SEQ.
                                                )
20                                              ) **DEMAND FOR JURY TRIAL**
                                                )
21

22          Plaintiff Sandra Warnock ("Plaintiff"), on behalf of herself and all others similarly

23  situated, alleges the following against Defendants PeopleConnect Inc. d/b/a Intelius and Abani

24  Heller upon information and belief based upon personal knowledge:

25                              **INTRODUCTION**

26          1.      Plaintiff's Class Action Complaint is brought pursuant to the Unfair Competition

27  Law, Cal. Bus. & Prof. C. § 17200 et. seq. ("UCL"), False Advertising Law, Cal. Bus. & Prof.

28  C. § 17500 et. seq. ("FAL"), and Consumer Legal Remedies Act, Cal. Civ. C. § 1750 et. seq.

("CLRA") arising out of Defendants' unlawful and fraudulent practices in not properly disclosing its auto-renewal policy on its Intelius.com website, which additionally violates the California Automatic Purchase Renewal Statute Cal. Bus. & Prof. Code § 17600, et seq. ("CAPRS").

2.     Plaintiff, individually, and on behalf of all others similarly situated, brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendants' charging Plaintiff's and also the Class members for its auto-renewal policy which is not clearly and conspicuously disclosed on its website when inducing consumers to make purchases. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

3.     Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

### JURISDICTION AND VENUE

4.     This class action is brought pursuant to California Code of Civil Procedure ("CCP") section 382. All claims in this matter arise exclusively under California law.

5.     This matter is properly venued in the Superior Court of San Luis Obispo County, in that Plaintiff purchased the "search" ("Product") from Defendants online while residing in California and Defendant PCI is headquartered in Long Beach, California which is within this County.

### PARTIES

6.     Plaintiff, Sandra Warnock ("Plaintiff"), is a natural person residing in San Luis Obispo County in the state of California, and is a "person" as defined by Cal. Bus. & Prof. Code § 17201.

7.     At all relevant times herein, Defendant, PeopleConnect Inc, d/b/a Intelius (hereinafter "PCI"), was a California company engaged in the business of selling background searches in California.

8.     Defendant, Abani Heller (hereinafter "HELLER") was and is an individual and,

1  at all relevant times herein, the President and CEO of PCI. As president of PCI, HELLER was
2  responsible for the overall success of the company. HELLER materially participated in the
3  planning and execution of PCI's unlawful and fraudulent business practices by occupying a
4  position of critical importance to PCI's business; as President and CEO of PCI, he exercised
5  control over the affairs of business and he was regularly engaged, albeit more often indirectly
6  than directly, in the unlawful and fraudulent business practices of PCI through his involvement
7  in PCI's affairs. Defendant HELLER continued to play a key role in maintaining and expanding
8  Defendant PCI's unlawful and fraudulent activities throughout the time in question.

9        9.      The above named Defendants, their subsidiaries, and agents are collectively
10  referred to as "Defendants." The true names and capacities of the Defendants sued herein as
11  DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore
12  sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE
13  is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to
14  amend the Complaint to reflect the true names and capacities of the DOE Defendants when such
15  identities become known.

16       10.     Plaintiff is informed and believes that at all relevant times, each and every
17  Defendant was acting as an agent and/or employee of each of the other Defendants and was
18  acting within the course and scope of said agency and/or employment with the full knowledge
19  and consent of each of the other Defendants. Plaintiff is informed and believes that each of the
20  acts and/or omissions complained of herein was made known to, and ratified by, each of the
21  other Defendants.

22                           **FACTUAL ALLEGATIONS**

23       11.     In or around October of 2018, Plaintiff visited Defendants' website Intelius.com
24  and purchased a Class Product from Defendants.

25       12.     In purchasing the Class Product, Defendants represented to Plaintiff in bold and
26  distinct language that the Class Product would cost $0.95.

27       13.     Based on this representation, Plaintiff agreed to purchase the Class Product and
28  provided her credit card and other personal information.

14. In reality, elsewhere in a substantially smaller font and in a neither clear nor conspicuous spot, Defendants indicated that the transaction would result in Plaintiff being entered into a recurring automatic subscription costing $29.95 per month.

15. Attached immediately below is a screenshot example of how Defendants presented the information to Plaintiff and other consumers when they purchased the Product:



16. Plaintiff was charged the $29.95 renewal fee by Defendants after having the Product be represented as costing $0.95 and agreeing to purchase it based on that representation.

17. After being charged the renewal fee, Plaintiff attempted to contact Defendants by the phone number listed on the renewal charge, however the phone number was disconnected.

1  Plaintiff additionally called Defendants on its customer service line, however was unable to
2  reach anyone to cancel or refund the charge.

3          18.     Had Defendants clearly and conspicuously advertised that its $0.95 search
4  actually cost $29.95 per month, Plaintiff would not have purchased Defendants' search.

5          19.     Furthermore, Plaintiff did not discover, nor could she have discovered, the true
6  nature of the Product until after Plaintiff's purchase and Defendants' subsequent automatic
7  renewal charge.

8          20.     Plaintiff relied on the fact that the Product would cost $0.95 as prominently
9  advertised.

10         21.     Knowledge of the true price of Defendants' Product would have impacted
11 Plaintiff's decision to purchase the search from Defendants. Plaintiff would have found it
12 important to her purchase decision to know exactly what she was purchasing.

13         22.     Plaintiff felt ripped off and cheated by Defendants entering into an automatic
14 renewal plan. Plaintiff believes that Defendants will continue its action of duping consumers
15 into purchasing Products for incredibly low prices when in reality it enters them into expensive
16 auto renewal plans that are not clearly or conspicuously disclosed unless Defendants' practices
17 are halted by way of an injunction.

18         23.     As a result of Defendants' fraudulent practices, described herein, Plaintiff has
19 suffered emotional distress, wasted time, loss of money, and anxiety.

20         24.     Such sales tactics rely on falsities and have a tendency to mislead and deceive
21 a reasonable consumer.

22         25.     In purchasing the Product, Plaintiff relied upon Defendants' representations.

23         26.     Plaintiff alleges such activity to be in violation of California's Automatic
24 Purchase Renewal Statute Cal. Bus. & Prof. Code § 17600, et seq. ("CAPRS"), and its
25 surrounding regulations.

26         27.     At all times relevant, Defendants made and continues to make automatic renewal
27 offers and continuous service offers, as those terms are defined by Cal. Bus. & Prof. Code §
28 17600, et seq. ("California's Automatic Purchase Renewal Statute") to Plaintiff and other

1 consumers similarly situated.

2      28.     At the time Plaintiff purchased the Product, Defendants failed to present

3 Defendants' automatic renewal offer terms or continuous service offer terms in a clear and

4 conspicuous manner, as defined by California's Automatic Purchase Renewal Statute, before

5 the subscription or purchasing agreement was fulfilled, and in visual or temporal proximity to

6 Defendants' request for consent to the offer.

7      29.     At the time Plaintiff subscribed to Defendants' services, Plaintiff was subjected

8 to Defendants' unlawful policies and/or practices, as set forth herein, in violation of Cal. Bus. &

9 Prof. Code § 17600, et seq.

10     30.     The material circumstances surrounding this experience by Plaintiff were the

11 same, or nearly the same, as the other class members Plaintiff proposes to represent, and Plaintiff

12 and all putative class members were required to pay, and did pay, money for the Products

13 marketed and sold by Defendants.

14                        **CLASS ACTION ALLEGATIONS**

15     31. Plaintiff brings this action, on behalf of herself and all others similarly situated, and

16           thus, seeks class certification under California Code of Civil Procedure § 382.

17     32.     Plaintiff brings this action on behalf of herself and all others similarly situated,

18 as a member of the Class defined as follows:

19           All persons in California who purchased a Product from

20           Defendants and were entered into and charged an automatic

21           renewal by Defendants within the four years prior to the filing of

22           this Complaint.

23     33.     Plaintiff represents, and is a member of The Class, consisting of all persons in

24 California who purchased a Product from Defendants and were entered into and charged an

25 automatic renewal by Defendants within the four years prior to the filing of this Complaint.

26     34.     Defendants, its employees and agents are excluded from The Class. Plaintiff does

27 not know the number of members in The Class, but believes the Class members number in the

28 thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the

1    expeditious litigation of the matter.

2        35.    The Class is so numerous that the individual joinder of all of their members is
3    impractical.   While the exact number and identities of The Class members are unknown to
4    Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is
5    informed and believes and thereon alleges that The Class includes thousands of members.
6    Plaintiff alleges that The Class members may be ascertained by the records maintained by
7    Defendants.

8        36.    There are questions of law and fact common to the Class affecting the parties to
9    be represented.   The questions of law and fact to the Class predominate over questions which
10   may affect individual Class members and include, but are not necessarily limited to, the
11   following:

12           (a)   Whether Defendants failed to provide clear and conspicuous notice to
13                 Plaintiff and Class Members regarding the terms of its Product's auto
14                 renewal costs;

15           (b)   Whether Defendants engaged in unlawful, unfair, or deceptive business
16                 practices in selling Products to Plaintiff and other Class Members;

17           (c)   Whether Defendants made misrepresentations with respect to the
18                 Products sold to consumers;

19           (d)   Whether Defendants profited from the sale of the wrongly advertised
20                 Products;

21           (e)   Whether Defendants violated California Bus. & Prof. Code § 17200, et
22                 seq., California Bus. & Prof. Code § 17500, et seq., and Cal. Civ. C.
23                 §1750 et seq.;

24           (f)   Whether Plaintiff and Class Members are entitled to equitable and/or
25                 injunctive relief;

26           (g)   Whether Defendants' unlawful, unfair, and/or deceptive practices
27                 harmed Plaintiff and Class Members; and

(h)     The method of calculation and extent of damages for Plaintiff and Class Members.

37.     As someone who was charged for an automatic renewal by Defendants after failing to disclose the terms clearly and conspicuously, Plaintiff is asserting claims that are typical of The Class.

38.     Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys experienced in the prosecution of class actions.

39.     A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Classes members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

40.     The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

41.     Defendants have acted or refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

42.     Plaintiff seeks the remedy of public injunctive relief against Defendants to prevent Defendants from further falsely advertising its Products to the public of California.

# FIRST CAUSE OF ACTION

## Violation of the California False Advertising Act

### (Cal. Bus. & Prof. Code §§ 17500 *et seq.*)

43. Plaintiff incorporates by reference each allegation set forth above as fully set forth herein.

44. Pursuant to California Business and Professions Code section 17500, *et seq.*, it is unlawful to engage in advertising "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading . . . [or] to so make or disseminate or cause to be so made or disseminated any such statement as part of a plan or scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

45. California Business and Professions Code section 17500, *et seq.*'s prohibition against false advertising extends to the use of false or misleading written statements.

46. Defendants misled consumers by making misrepresentations and untrue statements about the Products, namely, Defendants represents its price as a certain amount when in reality it would result in entering into an expensive and not clearly nor conspicuously disclosed auto renewal plan, and made false representations to Plaintiff and other putative class members in order to solicit these transactions.

47. Defendants knew that its representations and omissions were untrue and misleading, and deliberately made the aforementioned representations and omissions in order to deceive reasonable consumers like Plaintiff and other Class Members.

48. As a direct and proximate result of Defendants' misleading and false advertising, Plaintiff and the other Class Members have suffered injury in fact and have lost money, property, time, and attention. Plaintiff reasonably relied upon Defendants' representations regarding the Products. In reasonable reliance on Defendants' false advertisements, Plaintiff and other Class Members purchased the Products. In turn Plaintiff and other Class Members ended up with Products that resulted in them being charged automatic renewal fees, and

1  therefore Plaintiff and other Class Members have suffered injury in fact.

2  49. Plaintiff alleges that these false and misleading representations made by Defendants

3  constitute a "scheme with the intent not to sell that personal property or those services,

4  professional or otherwise, so advertised at the price stated therein, or as so advertised."

5  50. The misleading and false advertising described herein presents a continuing threat

6  to Plaintiff and the Class Members in that Defendants persists and continues to engage in these

7  practices, and will not cease doing so unless and until forced to do so by this Court. Defendants'

8  conduct will continue to cause irreparable injury to consumers unless enjoined or restrained.

9  Plaintiff is entitled to preliminary and permanent injunctive relief ordering Defendants to cease

10  its false advertising, as well as disgorgement and restitution to Plaintiff and all Class Members

11  of Defendants' revenues associated with its false advertising, or such portion of those revenues

12  as the Court may find equitable.

13

14  ### SECOND CAUSE OF ACTION

15  ### Violation of Unfair Business Practices Act

16  ### (Cal. Bus. & Prof. Code §§ 17200 *et seq.*)

17  51. Plaintiff incorporates by reference each allegation set forth above as fully set forth

18  herein.

19  52. Actions for relief under the unfair competition law may be based on any business

20  act or practice that is within the broad definition of the UCL. Such violations of the UCL occur

21  as a result of unlawful, unfair or fraudulent business acts and practices. A plaintiff is required

22  to provide evidence of a causal connection between a defendants' business practices and the

23  alleged harm--that is, evidence that the defendants' conduct caused or was likely to cause

24  substantial injury. It is insufficient for a plaintiff to show merely that the Defendants' conduct

25  created a risk of harm. Furthermore, the "act or practice" aspect of the statutory definition of

26  unfair competition covers any single act of misconduct, as well as ongoing misconduct.

27  ### UNFAIR

28  53. California Business & Professions Code § 17200 prohibits any "unfair . . . business

---

**FIRST AMENDED CLASS ACTION COMPLAINT**
**-10-**

1   act or practice." Defendants' acts, omissions, misrepresentations, and practices as alleged

2   herein also constitute "unfair" business acts and practices within the meaning of the UCL in

3   that its conduct is substantially injurious to consumers, offends public policy, and is immoral,

4   unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged

5   benefits attributable to such conduct. There were reasonably available alternatives to further

6   Defendants' legitimate business interests, other than the conduct described herein. Plaintiff

7   reserves the right to allege further conduct which constitutes other unfair business acts or

8   practices. Such conduct is ongoing and continues to this date.

9   54. In order to satisfy the "unfair" prong of the UCL, a consumer must show that the

10  injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to consumers or

11  competition; and (3) is not one that consumers themselves could reasonably have avoided.

12  

13  55. Here, Defendants' conduct has caused and continues to cause substantial injury to

14  Plaintiff and members of the Class. Plaintiff and members of the Class have suffered injury in

15  fact due to Defendants' decision to sell them falsely described Products. Thus, Defendants'

16  conduct has caused substantial injury to Plaintiff and the members of the Class.

17  56. Moreover, Defendants' conduct as alleged herein solely benefits Defendants while

18  providing no benefit of any kind to any consumer. Such deception utilized by Defendants

19  convinced Plaintiff and members of the Class that the Products were of a certain price in order

20  to induce them to spend money on said Products. In fact, knowing that Products would actually

21  enter the purchasers into an expensive automatic renewal plan, Defendants unfairly profited

22  from their sale. Thus, the injury suffered by Plaintiff and the members of the Class is not

23  outweighed by any countervailing benefits to consumers.

24  57. Finally, the injury suffered by Plaintiff and members of the Class is not an injury

25  that these consumers could reasonably have avoided. After Defendants falsely represented the

26  Products, Plaintiff and Class members suffered injury in fact due to Defendants' sale of

27  Products to them. Defendants failed to take reasonable steps to inform Plaintiff and Class

28  members that the Products would result in an automatic renewal plan by failing to clearly and

1    conspicuously provide such information. As such, Defendants took advantage of Defendants'

2    position of perceived power in order to deceive Plaintiff and the Class members to purchase

3    Products. Therefore, the injury suffered by Plaintiff and members of the Class is not an injury

4    which these consumers could reasonably have avoided.

5        58. Thus, Defendants' conduct has violated the "unfair" prong of California Business

6    & Professions Code § 17200.

7                              **FRAUDULENT**

8        59. California Business & Professions Code § 17200 prohibits any "fraudulent ...

9    business act or practice." In order to prevail under the "fraudulent" prong of the UCL, a

10   consumer must allege that the fraudulent business practice was likely to deceive members of

11   the public.

12       60. The test for "fraud" as contemplated by California Business and Professions Code

13   § 17200 is whether the public is likely to be deceived. Unlike common law fraud, a § 17200

14   violation can be established even if no one was actually deceived, relied upon the fraudulent

15   practice, or sustained any damage.

16       61. Here, not only were Plaintiff and the Class members likely to be deceived, but these

17   consumers were actually deceived by Defendants. Such deception is evidenced by the fact that

18   Plaintiff agreed to purchase Products under the basic assumption that they were of a certain

19   price, when in reality Defendants charged an expensive automatic renewal plan that was not

20   clearly and conspicuously disclosed. Plaintiff's reliance upon Defendants' deceptive

21   statements is reasonable due to the unequal bargaining powers of Defendants and Plaintiff. For

22   the same reason, it is likely that Defendants' fraudulent business practice would deceive other

23   members of the public.

24       62. As explained above, Defendants deceived Plaintiff and other Class Members by

25   representing the Products as being a certain price when in reality they resulted in an expensive

26   automatic renewal program, and thus falsely represented the Products.

27       63. Thus, Defendants' conduct has violated the "fraudulent" prong of California

1 Business & Professions Code § 17200.

2 **UNLAWFUL**

3  64. California Business and Professions Code Section 17200, et seq. prohibits "any

4 unlawful...business act or practice."

5  65. As explained above, Defendants deceived Plaintiff and other Class Members by

6 representing the Products as being of a price different from what they actually were.

7  66. Defendants used false advertising, marketing, and misrepresentations to induce

8 Plaintiff and Class Members to purchase the Products, in violation of California Business and

9 Professions Code Section 17500, et seq.. Had Defendants not falsely advertised, marketed, or

10 misrepresented the Products, Plaintiff and Class Members would not have purchased the

11 Products. Defendants' conduct therefore caused and continues to cause economic harm to

12 Plaintiff and Class Members.

13

14  67. Defendants additionally violated the CLRA, makings its practice unlawful.

15  68. Additionally, Cal. Bus. & Prof. C. § 17602(a) makes it unlawful for a business to

16 make an automatic renewal offer to a consumer that "(1) [f]ail[s] to present the automatic

17 renewal offer terms or continuous service offer terms in a clear and conspicuous manner before

18 the subscription or purchasing agreement is fulfilled and in visual proximity" with clear and

19 conspicuous  meaning "in larger type than the surrounding text, or in contrasting type, font, or

20 color to the surrounding text of the same size, or set off from the surrounding text of the same

21 size by symbols or other marks, in a manner that clearly calls attention to the language."

22  69. Defendants failed to present its auto renewal language in clear and conspicuous

23 language and thus committed an unlawful act under the UCL.

24  70. This practice of making these representations by Defendants is therefore an

25 "unlawful" business practice or act under Business and Professions Code Section 17200 *et seq.*

26  71. Defendants have thus engaged in unlawful, unfair, and fraudulent business acts

27 entitling Plaintiff and Class Members to judgment and equitable relief against Defendants, as

28 set forth in the Prayer for Relief. Additionally, pursuant to Business and Professions Code

1  section 17203, Plaintiff and Class Members seek an order requiring Defendants to immediately

2  cease such acts of unlawful, unfair, and fraudulent business practices and requiring Defendants

3  to correct their actions.

4  ### THIRD CAUSE OF ACTION

5  ### Violation of Consumer Legal Remedies Act

6  ### (Cal. Civ. Code § 1750 *et seq.*)

7  72. Plaintiff incorporates by reference each allegation set forth above herein.

8  73. Defendants' actions as detailed above constitute a violation of the Consumer

9  Legal Remedies Act, Cal. Civ. Code §1770 to the extent that Defendants violated the

10  following provisions of the CLRA:

11      a.    Advertising goods or services with intent not to sell them as
12  advertised; *Cal. Civ. Code* §1770(9);

    b.    Representing that a transaction confers or involves rights,
13  remedies, or obligations which it does not have or involve, or which are
prohibited by law; *Cal. Civ. Code* §1770(14); and
14      c.    Representing that the subject of a transaction has been supplied in
15  accordance with a previous representation when it has not; *Cal. Civ. Code*
§1770(16).

16  74. On or about July 16, 2019, through her Counsel of record, using certified mail with

17  a return receipt requested, Plaintiff served Defendants with notice of its violations of the

18  CLRA, and asked that Defendants to correct, repair, replace or otherwise rectify the goods and

19  services alleged to be in violation of the CLRA. This correspondence advised Defendants that

20  they must take such action within thirty (30) calendar days, and pointed Defendants to the

21  provisions of the CLRA that Plaintiff believes to have been violated by Defendants.

22  Defendants have refused to timely correct, repair, replace or otherwise rectify the issues raised

23  therein.

24  75. Plaintiff has filed a venue affidavit concurrently with the Complaint as required by

25  the CLRA.

26  ### **TRIAL BY JURY**

27  76. Plaintiff requests a trial by jury as to all claims so triable.

28

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, SANDRA WARNOCK, individually, and on behalf of all others similarly situated, respectfully requests judgment be entered against Defendants, for the following:

        a.   That this action be certified as a class action on behalf of The Class and Plaintiff be appointed as the representative of The Class;

        b.   Actual damages;

        c.   Punitive damages;

        d.   Restitution of the funds improperly obtained by Defendants;

        e.   Any and all statutory enhanced damages;

        f.   All reasonable and necessary attorneys' fees and costs provided by statute, common law or the Court's inherent power;

        g.   For equitable and injunctive and pursuant to California Business and Professions Code § 17203;

        h.   For prejudgment interest at the legal rate; and

        i.   Any other relief this Honorable Court deems appropriate.

Respectfully submitted this 30th Day of April, 2020.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By:   /s/ Todd M. Friedman
         Todd M. Friedman
         Law Offices of Todd M. Friedman
         Attorney for Plaintiff

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT A
Venue Affidavit

1  Todd M. Friedman (SBN 216752)
2  Adrian R. Bacon (SBN 280332)
   Meghan E. George (SBN 274525)
3  Thomas E. Wheeler (SBN 308789)
   LAW OFFICES OF TODD M. FRIEDMAN, P.C.
4  21550 Oxnard St. Suite 780,
   Woodland Hills, CA 91367
5  Phone: 877-206-4741
6  Fax: 866-633-0228
   tfriedman@toddflaw.com
7  abacon@toddflaw.com
   mgeorge@toddflaw.com
8  twheeler@toddflaw.com
9  *Attorneys for Plaintiff*

10              **SUPERIOR COURT OF CALIFORNIA**
11                **COUNTY OF LOS ANGELES**

12 | SANDRA WARNOCK, individually and       | **Case No.:**
13 | on behalf of all others similarly situated, |
   |                                          | **CONSUMER LEGAL REMEDIES**
14 | Plaintiff,                               | **ACT VENUE AFFIDAVIT; CCP §**
   |                                          | **1780**
15 |        vs.
16 | PEOPLECONNECT INC. d/b/a Intelius,
17 | and DOES 1-10,
18 | Defendant(s).
19

20 I, Sandra Warnock, declare and state as follows:

21    1.  I am the plaintiff in this matter, and specifically have brought a claim for Violations of
22        the Consumer Legal Remedies Act.
23    2.  The defendant to this cause of action, PeopleConnect Inc., was doing business in Los
24
25        Angeles County California, namely, because its headquarters is located in Long Beach,
26        California.
27    3.  I am a citizen and resident of the State of California, County of San Luis Obispo.
28

                                    - 1 -

1      I declare under penalty of perjury under the laws of the State of California that the

2      foregoing is true and correct.

3      Executed this 16th day of July, 2019, at Grover Beach, California.

4

5

6

7      Sandra Warnock

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 2 -

## PROOF OF SERVICE
### C.C.P. §1013

STATE OF CALIFORNIA:

ss.

COUNTY OF ORANGE

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is 21550 Oxnard St. Suite 780, Woodland Hills, CA 91367.

On April 30, 2020, I served the foregoing document described as **PLAINTIFF'S FIRST AMENDED COMPLAINT** addressed as follows:

**SEE ATTACHED SERVICE LIST**

[ XX ] (BY MAIL) I deposited such envelop in the mail at Santa Ana, California.  The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  It is deposited with the U.S. Postal Service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

[  ]     ELECTRONIC TRANSMISSION – I transmitted a PDF version of this document by electronic mail to the party(s) identified on the attached service list using the email address(es) indicated.

[  ]     (BY FACSIMILE TRANSMITTAL) I sent by facsimile the above document on to the above listed facsimile machine number.  The facsimile machine I used complied with C.C.P. §1013(e) and Rule 2003(3), and no error was reported by the machine.

[ XX ] (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on April 30, 2020, at Santa Ana, California.

JOSE O. SANCHEZ

**SERVICE LIST**
**SANDRA WARNOCK VS. PEOPLECONNECT INC D/B/A INTELIUS, et al.**
**San Luis Obispo Superior Court Case No. 19CV-0539**

| | |
|---|---|
| Peopleconnect Inc.<br>1309 East Somerset Place<br>Long Beach, CA 90807 | Peopleconnect Inc.<br>c/o Steven D Cooper, Agent for Service<br>4300 Long Beach Blvd<br>Long Beach, CA 90807 |
| Abni Heller<br>Peopleconnect Inc.<br>1309 East Somerset Place<br>Long Beach, CA 90807 | Abni Heller<br>Peopleconnect Inc.<br>c/o Steven D Cooper<br>4300 Long Beach Blvd<br>Long Beach, CA 90807 |

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>— Todd M. Friedman, Esq. (SBN 216752)<br>Law Offices of Todd M. Friedman<br>21550 Oxnard Street, Suite 780<br>Woodland Hills, CA 91367<br>TELEPHONE NO.: 323-306-4234   FAX NO.: 866-633-0228<br>ATTORNEY FOR (Name): Plaintiff, Sandra Warnock | FOR COURT USE ONLY<br><br>**ELECTRONICALLY FILED**<br><br>9/12/2019 12:18 PM<br><br>SAN LUIS OBISPO SUPERIOR COURT<br>BY _____<br>M. Zepeda, Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Luis Obispo
STREET ADDRESS: 1035 Palm Street, Room 385
MAILING ADDRESS:
CITY AND ZIP CODE: San Luis Obispo, CA 93408
BRANCH NAME: San Luis Obispo Courthouse

CASE NAME:
Sandra Warnock v. Peopleconnect Inc. d/b/a Intelius, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 19CV-0539 |
|---|---|---|
| ✓ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ✓ Counter ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
✓ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ✓ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties     d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve     e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence     f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ✓ monetary   b. ✓ nonmonetary; declaratory or injunctive relief   c. ✓ punitive
4. Number of causes of action (specify): 3
5. This case ✓ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: September 11, 2019
Todd M. Friedman
_____ (TYPE OR PRINT NAME)        ▶ _____ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**